DAVIS ET AL. *v.* RAWSON ET AL.

(Decided July 22, 1935.)

*Messrs. Paxton & Seasongood,* for plaintiffs in error.

*Messrs. Waite, Schindel & Bayless,* for Martha Rawson, defendant in error.

*Mr. William R. Collins,* for defendant in error executor.

BLOSSER, J. This case originated in the Probate Court of Hamilton county where a motion of Martha Rawson was sustained to strike from the inventory filed in the estate of Frances Helen Rawson, deceased, certain property therein listed, to wit, three boxes or packages of jewelry, and asking also a finding that said property belonged to Martha Rawson and was not the property of said estate. The case was appealed to the Court of Common Pleas and that court heard the case on the evidence taken in the Probate Court, with certain stipulations, subject only to objection to its competency. The plaintiffs in error were parties adversely affected by the judgment rendered in connection with the administration of the estate of the deceased.

Frances Helen Rawson was a resident of Hamilton county, Ohio, and sojourned in France continuously for several years prior to 1930 until her death in January, 1932, at Menton, France. Martha Rawson was the niece of Frances Helen Rawson, and had been visiting her aunt in France on March 17, 1927, and for some time prior thereto. On that day a safety deposit box was rented by Frances Helen Rawson in a bank at Menton, France, and the box was registered in her name. On the same day a power of attorney was given by the aunt in favor of her niece. The records of the bank show that Frances Helen Rawson visited the safety deposit box on various occasions between Feb-

ruary 11, 1928, and March 21, 1930, and that Martha Rawson's power of attorney to open the box was never exercised. The key to the box was held by Frances Helen Rawson, and Martha Rawson never had possession of it. After the death of Frances Helen Rawson the safety deposit box was opened and the three packages of jewelry were found. On the wrapper of each of the packages were the following words in the handwriting of Martha Rawson: "The property of Martha Rawson, 3736 Clifton Avenue, Cincinnati, Ohio, U. S. A."

In the Probate Court Martha Rawson was permitted to testify over the objection of the adverse party. There is nothing in the transcript, stipulations or journal entries to show how the Court of Common Pleas ruled on the competency of this witness when the case was heard in the Court of Common Pleas on appeal. The presumption is that the court ruled correctly on her competency as a witness, and did not consider her testimony. This is supported by the opinion of the judge of the Court of Common Pleas, which opinion stated that there was no direct evidence of the gift to Martha Rawson, but that there was circumstantial evidence in support of her claim.

There is some controversy as to the law which governs this transaction. As the alleged gift was made in France the substantive law of that country governs the transaction. The law of a foreign state must be proven by competent evidence, just as other material facts are proven. In this case it was attempted to prove the law of France by a certain letter of Mr. DeChambrun, in answer to a hypothetical question propounded to him. It was claimed that Mr. DeChambrun was well versed in the law of France. The hypothetical question propounded to him was based chiefly upon facts appearing in the evidence of Martha Rawson. Martha Rawson was not a competent witness,

and for that reason the hypothetical question was not based upon proven facts. It is our view that the opinion of Mr. DeChambrun with reference to the law of France was not admissible. There is nothing in the record to indicate how the Court of Common Pleas ruled with reference to the foreign law, or whether the evidence of Mr. DeChambrun was admitted or considered. It is therefore to be presumed that the court ruled correctly on the reception of this testimony.

As to the rules governing the admission and rejection of evidence and procedure, the law of the forum governs. As to the application of the rules of evidence and procedure the trial court properly applied the law of Ohio.

A motion for a new trial was not filed in the court below, and it is asserted by the defendant in error that for this reason the question of the weight of the evidence, and the contention that there is not sufficient evidence to support the judgment, can not be considered. Without passing upon the question of the necessity of a motion for a new trial, and conceding the contention of the plaintiff in error that no motion for a new trial was necessary, we find there was sufficient evidence to sustain the judgment of the court below and that the judgment is not against the manifest weight of the evidence.

The evidentiary facts are not in dispute. The evidence of Martha Rawson having been excluded there remains no direct evidence of a gift. However, when we apply the law to all the facts and circumstances in evidence we can come to no conclusion other than that Frances Helen Rawson gave the jewelry to her niece. The aunt had control of the jewelry and control of the safety deposit box. She must have parted with possession and title to the jewelry, for she permitted her niece to have the packages in her possession and to write upon the packages that they were the latter's

property. By permitting the packages to remain in the safety deposit box, over which she had control, with the notations upon them as to their ownership, she ratified and confirmed the gift to her niece. This amounted in substance to a declaration against interest, to the effect that the property no longer belonged to her but was the property of her niece. It is not necessary to base an inference upon an inference in reaching this conclusion. From the established facts and circumstances we are of the opinion that the jewelry was given to Martha Rawson and that it was properly stricken from the inventory of the estate of Frances Helen Rawson.

We find no prejudicial error in the record and the judgment is affirmed.

*Judgment affirmed.*

MIDDLETON, P. J., and McCURDY, J., concur.

MIDDLETON, P. J., BLOSSER and McCURDY, JJ., of the Fourth Appellate District, sitting by designation in the First Appellate District.